B 104 [08/07]

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>ACTING UNITED STATES TRUSTEE | DEFENDANTS<br>TESLA GRAY |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>JEANNE C. WANLASS (Bar No. 167215)<br>OFFICE OF THE U.S. TRUSTEE<br>402 WEST BROADWAY, SUITE 600<br>SAN DIEGO, CA 92101-8511<br>(619)557-5013 | ATTORNEYS (If Known)<br>THOMAS C. NELSON<br>550 WEST C STREET, STE. 1850<br>SAN DIEGO, CA 92101<br>(619)236-0230 |
| PARTY (Check One Box Only)<br>☐ Debtor  ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

OBJECTIONS TO DISCHARGE PURSUANT TO 11 U.S.C. SECTIONS 727(A)(2),(A)(3),(A)(4) AND (A)(5)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B 104

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>TESLA GRAY | | BANKRUPTCY CASE NO.<br>08-10753-LA7 |
| DISTRICT IN WHICH CASE IS PENDING<br><br>SOUTHERN DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br><br>SAN DIEGO | NAME OF JUDGE<br>LOUISE DECARL ADLER |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>11/30/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>JEANNE C. WANLASS   *Jeanne C Wanlass* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 104

JEANNE C. WANLASS, ATTORNEY #167215
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 WEST BROADWAY, SUITE 600
SAN DIEGO, CA 92101-8511
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | | |
|---|---|---|
| In re: | ) | Case No. 08-10753-LA7 |
| | ) | |
| TESLA GRAY, | ) | Adversary No. _____ |
| | ) | |
| | ) | COMPLAINT TO DENY DEBTOR'S |
| | ) | DISCHARGE PURSUANT TO 11 |
| | ) | U.S.C. §§ 727(a)(2), (a)(3), |
| | ) | (a)(4),and (a)(5). |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ACTING UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TESLA GRAY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Acting United States Trustee, complains as follows:

**GENERAL ALLEGATIONS**

**JURISDICTION AND VENUE**

1.  This is an adversary proceeding in which the Acting United States Trustee (hereinafter "Plaintiff") objects to the discharge of the debtor TESLA GRAY (hereinafter "Defendant" or "Debtor").

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, General Order 312-D of the United States District Court, Southern District of California and 11 U.S.C. §727. This is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper in this district consistent with 28 U.S.C. §1409 as the underlying bankruptcy case is being administered in this district.

## PARTIES

2. Plaintiff is the Acting United States Trustee for Region 15, and has standing pursuant to 11 U.S.C. §§ 307 and 727(c) to bring this complaint objecting to the discharge of Defendant.

3. Defendant is the Debtor in this case commenced by the filing of an involuntary petition (the "Petition") under chapter 11 of title 11, United States Code (hereinafter the "Bankruptcy Code") on October 28, 2008, (the "Petition Date"). An answer to the involuntary petition was filed by the Debtor on November 18, 2008.

4. The Order for Relief under Chapter 11 was entered on July 15, 2009. On December 21, 2009, an Order was entered converting this case from one under Chapter 11 to one under Chapter 7.

5. The Chapter 7 trustee appointed in this bankruptcy case is Ronald E. Stadtmueller.

## FACTUAL BACKGROUND

### Bankruptcy Documents Filed Under Penalty of Perjury

6. On August 5, 2009, Defendant filed Schedules A-J and a Statement of Financial Affairs (collectively "Initial Documents").

7. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.

2

8.    The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.

9.    On August 26, 2009, Defendant filed an Amendment to Schedule F ("First Amendment"), adding one creditor.

10.    On October 7, 2009, Defendant filed an Amendment to Schedules B and J, and to Statement of Financial Affairs response to Questions 1 and 9 ("Second Amendment").

11.    The Second Amendment also included a "Declaration of Debtor", which Defendant executed and which affirmed under the penalty of perjury that the information contained in the Second Amendment was true and correct.

12.    On February 9, 2010, Defendant filed an Amendment to the Summary of Schedules and Schedules B and C ("Third Amendment").

13.    The Third Amendment also included a "Declaration of Debtor", which Defendant executed and which affirmed under the penalty of perjury that the information contained in the Third Amendment was true and correct.

14.    On February 10, 2010, Defendant filed an Amendment to Schedule C ("Fourth Amendment").

15.    The Fourth Amendment also included a "Declaration of Debtor", which Defendant executed and which affirmed under the penalty of perjury that the information contained in the Fourth Amendment was true and correct.

16.    On February 19, 2010, Defendant filed an Amendment to Schedule C ("Fifth Amendment").

3

17. The Fifth Amendment also included a "Declaration of Debtor", which Defendant executed and which affirmed under the penalty of perjury that the information contained in the Fifth Amendment was true and correct.

18. In the Initial Documents, in response to Schedule B, Question 16 "Accounts Receivable" Defendant answered "Notes (2)/Fallbrook, CA - $2,062,641.00". No Amendments are filed as to this response.

19. In the Initial Documents, in response to Schedule B, Question 21 "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" Defendant answered "Contract Receivable/ Oceanside, CA - 34,240,306.00". No Amendments are filed as to this response.

20. In the Initial Documents, in response to Schedule B, Question 31 "Animals" Defendant answered "None". No Amendments are filed as to this response.

21. In the Initial Documents, in response to Schedule B, Question 35 "Other personal property of any kind not already listed" Defendant answered "None". No Amendments are filed as to this response.

22. In the Initial Documents, in response to Statement of Financial Affairs question number 3b - "List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475" Defendant answered by listing certain credit card payments and a payment to Countrywide. No Amendments are filed as

4

to this response.

23. In the Initial Documents, in response to Statement of Financial Affairs question number 3c - "List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders" Defendant answered "None". No Amendments are filed as to this response.

24. In the Initial Documents, in response to Statement of Financial Affairs question number 7 - "Gifts" Defendant answered "None". No Amendments are filed as to this response.

25. In the Initial Documents, in response to Statement of Financial Affairs question number 10 - "Other Transfers" Defendant answered "None". No Amendments are filed as to this response.

26. In the Initial Documents, in response to Statement of Financial Affairs question number 11 - "Closed Financial Accounts" Defendant answered "None". No Amendments are filed as to this response.

27. In the Initial Documents, in response to Statement of Financial Affairs question number 18 - "Nature, location and name of business" Defendant answered "TNT Hair Design" and "Desert Aire LLC". No Amendments are filed as to this response.

**Debtor's Testimony Under Penalty Of Perjury**

28. On September 22, 2009, Defendant appeared and testified under oath at the initial Chapter 11, 11 U.S.C. §341(a) meeting of creditors ("Ch. 11 341 Meeting").

29. At the initial Ch. 11 341 Meeting, Defendant testified as follows upon being questioned by the United States Trustee:

a. Defendant understood that her testimony was under

5

penalty of perjury.

b. Defendant cosigned for a loan from Bank of the West for Ashurst Land & Cattle [LLC] and cattle were purchased with that loan.

c. Defendant believes the cattle still exist and the cattle may be on the Defendant's property.

d. Defendant testified she had no relationship with Ashurst Land & Cattle.

e. Defendant may have transferred property to her father in the last two years.

f. Defendant has disclosed all real property in this preceding.

g. Defendant has disclosed all bank accounts in this bankruptcy.

h. Defendant signed the Schedules and Statement of Affairs.

I. Defendant cosigned the loan for the cattle because her father said it would be a good investment.

j. Defendant, at one point, owned a property located at 1620 Wilt Road, Fallbrook, California, but was not sure if she still owned it.

k. Defendant does not recall ever selling the Wilt Road Property.

l. Defendant does not know if any collection efforts have been made on the two notes listed on Schedule B, in response to question number 16.

m. Defendant has no written agreements between herself and her father for services.

6

  n. Defendant does not know how much her father has taken for his services.

  o. Defendant does not know how much money is to be received from the Kona Brothers Coffee LLC contract referenced on Schedule G.

  p. Defendant does not know how much rent is collected from her parents Ray & Linda Gray pursuant to the lease listed on Schedule G.

  q. Defendant's hair salon business maintains a bank account with Union Bank.

  r. Defendant is in the business of real estate investment and has been investing in real estate for approximately eleven (11) years.

  s. Defendant testified she could not recall the exact number of properties she had invested during the eleven (11) years but it was "a lot".

30. On October 27, 2009, Defendant appeared and testified under oath at the continued Chapter 11, 11 U.S.C. §341(a) meeting of creditors ("October Ch. 11 341 Meeting").

31. At the October Ch. 11 341 Meeting, Defendant testified as follows:

  a. Defendant understood that her testimony was under penalty of perjury.

  b. Defendant reviewed and signed the Second Amendment before it was filed with the Court.

  c. The Defendant is not collecting rent on any real property owned by the Defendant, including the property occupied by her parents.

7

32.   On January 22, 2010, Defendant appeared and testified under oath at the initial Chapter 7, 11 U.S.C. §341(a) meeting of creditors ("Ch. 7 341 Meeting").

33.   After being sworn at the Ch. 7 341 Meeting, Defendant testified as follows:

    a.   Defendant reviewed and signed the bankruptcy paperwork before it was filed with the Court

    b.   To the best of Defendant's knowledge the bankruptcy paperwork was accurate and complete.

34.   On January 25, 2010, Defendant appeared and testified under oath at the continued Chapter 7, 11 U.S.C. §341(a) meeting of creditors ("January Ch. 7 341 Meeting").

35.   At the January Ch. 7 341 Meeting, Defendant provided to trustee Stadtmueller a "341(a) Meeting of Creditors Questionnaire" ("341 Questionnaire"), which she completed, and in which Defendant declares under the penalty of perjury that the statements contained in the 341 Questionnaire are true and correct.

36.   In response to question number one of the 341 Questionnaire, Defendant responded "yes" to the question: "I am represented by counsel and have reviewed my Petition, Schedules and Statement of Financial Affairs and they were explained to me by that counsel before I signed them?"

37.   In response to question number eight of the 341 Questionnaire, Defendant responded "Yes" to the question: "Within four years of the filing of your bankruptcy have you made any payments, or transferred any property to any person or entity other than for regular monthly contract payments?".

38.   In response to question number twelve of the 341

8

Questionnaire, Defendant responded "Yes" to the question: "Does anyone and or any entity owe you any money?".

39. At the January Ch. 7 341 Meeting, Defendant testified as follows:

    a.    Defendant understood that her testimony was under penalty of perjury.

    b.    In regards, to 341 Questionnaire, question 8, Defendant testified there was a collection action transferred that was previously listed on Schedule B, line 18. This is the only transfer Defendant could recall that is responsive.

    c.    Defendant has not had, in the past four years, any interests in any other corporations, partnerships, LPs or LLCs, other than those listed on Statement of Financial Affairs, question number 18.

    d.    In regards, to 341 Questionnaire, question 12, Defendant testified that other than the amounts listed on Schedule B, paragraphs 16, 18 and 21, no other entity or person owed her money on the date of the filing of the involuntary petition.

    e.    Defendant is the beneficiary of the Wilt Road Trust.

    f.    Defendant testified that other than the eight parcels of property listed on Schedule A, she did not own any other real properties on the date of the filing of the involuntary petition.

//

//

9

**Transfers to Ashurst Land & Cattle LLC**

40.    The United States Trustee is informed and believes that Ashurst Land & Cattle LLC is a company wholly owned by Defendant's parents, Ray Gray & Linda Gray.

41.    The United States Trustee is informed and believes that the business address of Ashurst Land & Cattle LLC, is 2656 Vista De Palomar, Fallbrook, CA 92028, which is real property owned by the Defendant.

42.    The United States Trustee is informed and believes that on or about November 7, 2007, Defendant transferred $40,000 to Ashurst Land & Cattle LLC.

43.    The United States Trustee is informed and believes that on or about May 13, 2008, Defendant transferred $6,000 to Ashurst Land & Cattle LLC.

**Transfers and Loans to Pfau Pfau & Pfau LLC**

44.    The United States Trustee is informed and believes that on or about September 13, 2005, Defendant transferred $705,107.75 to an escrow company for the benefit of Pfau Pfau & Pfau LLC.

45.    The United States Trustee is informed and believes that on or about April 10, 2006, Defendant transferred $50,000 to Pfau Pfau & Pfau LLC.

46.    The United States Trustee is informed and believes that on or about May 1, 2006, Defendant transferred $250,000 to Pfau Pfau & Pfau LLC.

47.    The United States Trustee is informed and believes that on or about May 25, 2006, Defendant transferred $200,000 to Pfau Pfau & Pfau LLC.

48.    The United States Trustee is informed and believes that

10

on or about April 30, 2007, Defendant transferred $100,000 to Pfau Pfau & Pfau LLC.

49.    The United States Trustee is informed and believes that on or about June 14, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC.

50.    The United States Trustee is informed and believes that on or about September 11, 2007, Defendant transferred $100,000 to Pfau Pfau & Pfau LLC.

51.    The United States Trustee is informed and believes that on or about October 17, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC.

52.    The United States Trustee is informed and believes that on or about November 7, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC.

53.    The United States Trustee is informed and believes that on or about January 11, 2008, Defendant transferred $25,000 to Pfau Pfau & Pfau LLC.

54.    The United States Trustee is informed and believes that on or about September 25, 2008, Defendant transferred $10,000 to Pfau Pfau & Pfau LLC.

55.    The United States Trustee is informed and believes that Pfau Pfau & Pfau LLC is a company wholly owned by the Defendant's father, Ray Gray.

**Transfers and Loans to Defendant's Father**

56.    The United States Trustee is informed and believes that on or about September 13, 2005, Defendant transferred $294,892.25 to her father, Ray Gray.

57.    The United States Trustee is informed and believes that

11

on or about December 22, 2005, Defendant transferred $275,000 to her father, Ray Gray.

58.   The United States Trustee is informed and believes that on or about January 26, 2006, Defendant transferred $200,000 to her father, Ray Gray.

59.   The United States Trustee is informed and believes that on or about May 17, 2006, Defendant transferred $100,000 to Express Escrow Co. for the benefit of her father, Ray Gray.

60.   The United States Trustee is informed and believes that on or about May 17, 2006, Defendant transferred $200,000 to her father, Ray Gray.

61.   The United States Trustee is informed and believes that on or about June 8, 2006, Defendant transferred $100,000 to her father, Ray Gray.

62.   The United States Trustee is informed and believes that on or about May 1, 2007, Defendant loaned $100,000 to her father, Ray Gray.

63.   The United States Trustee is informed and believes that on or about May 18, 2007, Defendant transferred $110,000 to her father, Ray Gray.

64.   The United States Trustee is informed and believes that on or about August 31, 2007, Defendant transferred $300,000 to Stewart Title for the benefit of her father, Ray Gray.

**Transfers for 700 Atterbury Property**

65.   The United States Trustee is informed and believes that on or about August 6, 2007, Defendant transferred $100,000 to First American Title for escrow on the property known as "700 Atterbury, San Marcos".

12

66.   The United States Trustee is informed and believes that on or about November 7, 2007, Defendant transferred $10,000 to First American Title for escrow on the property known as "700 Atterbury, San Marcos".

67.   The United States Trustee is informed and believes that on or about January 11, 2008, Defendant transferred $11,000 to First American Title for escrow on the property known as "700 Atterbury, San Marcos".

**Undisclosed Accounts**

68.   The United States Trustee is informed and believes that in  October 2008, Defendant maintained a checking account for her business TNT Hair Design, at Union Bank of California.

69.   The United States Trustee is informed and believes that in October 2008, Defendant maintained a bank account with Union Bank of California (7541).

70.   The United States Trustee is informed and believes that in October 2008, Defendant maintained a bank account with Temecula Valley Bank (8641).

71.   The United States Trustee is informed and believes that in October 2008, Defendant maintained a bank account with Canyon National Bank (2376).

72.   The United States Trustee is informed and believes that in October 2008, Defendant maintained a bank account with San Diego County Credit Union.

73.   The United States Trustee is informed and believes that on October 28, 2008, Defendant had a deposit CD with San Diego County Credit Union in the amount of $25,000.

74.   The United States Trustee is informed and believes that

13

Defendant maintained a bank account with Pacific Western Bank (4323), which account was closed in May 2008.

75. The United States Trustee is informed and believes that in October 2008, Defendant maintained an account with AG Edwards (7599).

**Undisclosed Property/Transfers to Kona Brothers Coffee LLC**

76. The United States Trustee is informed and believes that on or about October 16, 2008, Defendant, for no consideration, assigned a Deed of Trust, secured by real property in San Marcos, California (A.P.N.: 222-350-27-00) ("the San Marcos Deed") to Kona Brothers Coffee LLC.

77. The United States Trustee is informed and believes that the San Marcos Deed secured a loan in the face amount of $284,000.

78. The United States Trustee is informed and believes that the San Marcos property was sold by Defendant in January 2008 for $420,000.

79. The United States Trustee is informed and believes that on or about October 23, 2008, Defendant transferred $75,000 to Kona Brothers Coffee LLC.

80. The United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #811-030-018.

81. The United States Trustee is informed and believes that in February 2009, Defendant transferred a piece of real property (APN #811-030-018) to Kona Brothers Coffee LLC.

//

//

//

14

**Additional Undisclosed Property**

82. The United States Trustee is informed and believes that in December 2008, Defendant deeded a piece of real property to the Harmon Trust, recorded with the Riverside County recorder as Doc. 2008-0646196.

83. The United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #659-220-005.

84. The United States Trustee is informed and believes that on or about July 16, 2009, Defendant deeded a piece of real property (APN: 659-220-005) to Panoche Valley LLC, recorded with the Riverside County recorder as Doc. 2009-0367946.

85. The United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #326-193-024.

86. The United States Trustee is informed and believes that on or about July 16, 2009, Defendant deeded a piece of real property (APN: 326-193-024) to Panoche Valley LLC, recorded with the Riverside County recorder as Doc. 2009-0367947.

87. Plaintiff is informed and believes that on or about April 6, 2009, Defendant transferred certain real property identified by document #2009-0166699 with the Riverside County Recorder's Office to De Luz Real Estate Inc.

88. The United States Trustee is informed and believes that in October 2008, Defendant was the beneficiary of The 1620 Wilt Road Trust, No. 200801461, Dated 02/01/2008.

//

//

15

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)

### (Concealment of Loans)

89.    Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

90.    The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.  The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

91.    Plaintiff is informed and believes that on or about June 24, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau LLC.

92.    Plaintiff is informed and believes that on or about October 17, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau LLC.

93.    Plaintiff is informed and believes that on or about November 7, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau LLC.

94.    Plaintiff is informed and believes that on or about May 1, 2007, the Debtor loaned $100,000 to her father, Ray Gray.

95.    The Debtor did not list these loans or accounts

16

receivable on her Schedule B or any amendments thereto.

96. The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, the loans in the total amount of $400,000, which were property of the Debtor, within one year before the date of the filing of the petition.

97. Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, the loans in the total amount of $400,000, which were property of the estate, after the date of the filing of her petition.

98. Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

### SECOND CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)

### (Concealment/Transfer of Property)

99. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

100. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and

17

correct.   The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

101. Plaintiff is informed and believes that in December 2008, Defendant deeded a piece of real property to the Harmon Trust, recorded with the Riverside County recorder as document number 2008-0646196 (the "Riverside County Property").

102.   The Debtor did not list this property on her Schedule B, Statement of Financial Affairs, or any amendments thereto.

103.   The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, the Riverside County Property, which was property of the Debtor, within one year before the date of the filing of the petition.

104.   Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, the Riverside County Property, which was property of the estate, after the date of the petition.

105.   Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

### THIRD CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)

### (Concealment/Transfer of Property)

106.   Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

107. The Initial Documents included a "Declaration

18

Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

108. Plaintiff is informed and believes that on or about April 6, 2009, Defendant transferred certain real property identified by document #2009-0166699 with the Riverside County Recorder's Office to De Luz Real Estate Inc.

109. The Debtor did not list this property on her Schedule B, Statement of Financial Affairs or any amendments thereto.

110. The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, this property, which was property of the Debtor, and its transfer within one year before the date of the filing of the petition.

111. Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred or permitted to be transferred, this property, which was property of the estate, after the date of the petition.

112. Plaintiff therefore objects to the discharge of the

19

Debtor pursuant to 11 U.S.C. Section 727(a)(2).

**FOURTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

**(Concealment/Transfer of Property)**

113. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

114. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

115. United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #659-220-005.

116. The United States Trustee is informed and believes that on or about July 16, 2009, Defendant deeded a piece of real property (APN: 659-220-005) to Panoche Valley LLC, recorded with the Riverside County recorder as Doc. 2009-0367946.

117. The United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #326-193-024.

118. The United States Trustee is informed and believes that on or about July 16, 2009, Defendant deeded a piece of

20

real property (APN: 326-193-024) to Panoche Valley LLC, recorded with the Riverside County recorder as Doc. 2009-0367947.

119.   The Debtor did not list these properties on her Schedule B or any amendments thereto.

120.   The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, this property, which were property of the Debtor, and its transfer within one year before the date of the filing of the petition.

121.   Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred or permitted to be transferred, these properties, which were property of the estate, after the date of the petition.

122.   Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

**FIFTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

**(Concealment/Transfer of Property)**

123. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

124. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual

21

Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.  The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

125. Plaintiff is informed and believes that on or about October 28, 2008, Defendant owned a piece of real property identified as A.P.N. # 811-030-018.

126.  The United States Trustee is further informed and believes that in February 2009, Defendant transferred a piece of real property (APN #811-030-018) to Kona Brothers Coffee LLC.

127.  The Debtor did not list this real property on her Schedule B or any amendments thereto.

128.  The Debtor did not list this property as any type of transfer on the Debtor's Statement of Financial Affairs or any amendments thereto.

129.  The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, this property, which was property of the Debtor within one year before the date of the filing of the petition.

130.  Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, this property, which was property of the estate, after the date of the petition.

22

131.   Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

### SIXTH CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)

### (Concealment of Property)

132.   Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

133. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.  The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

134. The Defendant admitted that she cosigned for a loan from Bank of the West for Ashurst Land & Cattle [LLC] and that cattle were purchased with that loan as an investment.

135. The Defendant testified that she believes the cattle still exist and the cattle may be on the Defendant's property.

136. Defendant testified she had no relationship with Ashurst Land & Cattle.

137.   The Debtor did not list the cattle or the investment therein on her Schedule B or any amendments thereto.

138.   The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of

23

property under title 11, concealed, or permitted to be concealed, these cattle or the investment therein, which were property of the Debtor within one year before the date of the filing of the petition.

139.  Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, these cattle or the investment therein, which were property of the estate, after the date of the petition.

140.  Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

**SEVENTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

**(Concealment of Accounts)**

141. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

142. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.  The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

143. As of the filing date of her petition, the Defendant owned a checking account for TNT Hair Design at Union Bank of

24

California.

144. As of the filing date of her petition, the Defendant owned a bank account ending in 7541 at Union Bank of California.

145. As of the filing date of her petition, the Defendant owned a bank account ending in 8641 at Temecula Valley Bank.

146. As of the filing date of her petition, the Defendant owned a bank account ending in 2376 at Canyon National Bank.

147. As of the filing date of her petition, the Defendant had a certificate of deposit with San Diego County Credit Union in the amount of $25,000.

148. As of the filing date of her petition, the Defendant had an account with AG Edwards ending in 7599.

149. The Debtor did not list these accounts on her Schedule B or any amendments thereto. The Debtor did not list these accounts as closed on her Statement of Financial Affairs, question no. 11.

150. The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, these accounts, which were property of the Debtor within one year before the date of the filing of the petition.

151. Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, these accounts, which were property of the estate, and after the date of the petition.

152. Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

25

## EIGHTH CAUSE OF ACTION

## DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)

### (Concealment of Property)

153.   Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

154. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.  The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

155. As of October 2008, Defendant was a beneficiary of the 1620 Wilt Road Trust, No. 200801461, Dated 02/01/2008.

156.   The Debtor did not list her interest in this trust on her Schedule B or any amendments thereto.

157.   The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, her interest in this trust, which was property of the Debtor within one year before the date of the filing of the petition.

158.   Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted

26

to be concealed, her interest in this trust, which was property of the estate, after the date of the petition.

159. Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

**NINTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

**(Transfer of Property)**

160. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

161. The United States Trustee is informed and believes that certain real property in San Marcos, California (A.P.N.: 222-350-27-00) was sold by Defendant in January 2008 for $420,000.

162. The United States Trustee is informed and believes that on or about October 16, 2008, Defendant, for no consideration, assigned a Deed of Trust, secured by the real property in San Marcos, California (A.P.N.: 222-350-27-00) ("the San Marcos Deed") to Kona Brothers Coffee LLC.

163. The United States Trustee is informed and believes that the San Marcos Deed secured a loan in the face amount of $284,000.

164. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of

27

Financial Affairs, and any attachments thereto, was true and correct. The Debtor did not disclose the transfer of the San Marcos Deed on her Statement of Financial Affairs or any amendments thereto.

165. The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, her interest in the San Marcos Deed and the real property in San Marcos, California (A.P.N.: 222-350-27-00), which was property of the Debtor, within one year before the date of the filing of the petition.

166. Alternatively, the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under title 11, concealed, or permitted to be concealed, and transferred, or permitted to be transferred, her interest in the San Marcos Deed and the real property in San Marcos, California (A.P.N.: 222-350-27-00), which was property of the estate, after the date of the petition.

167. Plaintiff therefore objects to the discharge of the Debtor pursuant to 11 U.S.C. Section 727(a)(2).

### TENTH CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)

### (False Oath)

168. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

169. The Initial Documents included a "Declaration

28

Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.

170. Defendant stated under oath on Statement of Financial Affairs, No. 3c, that no payments were made within one year immediately preceding the Petition Date to or for the benefit of creditors who are or were insiders.

171.    Plaintiff is informed and believes that the Defendant made the following transfers or payments to insiders:

a.   On November 7, 2007, Defendant transferred $40,000 to Ashurst Land & Cattle LLC;

b.   On May 13, 2008, Defendant transferred $6,000 to Ashurst Land & Cattle LLC;

c.   On November 7, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC;

d.   On January 11, 2008, Defendant transferred $25,000 to Pfau Pfau & Pfau LLC;

e.   On September 25, 2008, Defendant transferred $10,000 to Pfau Pfau & Pfau LLC;

f.   On October 23, 2008, Defendant transferred $75,000 to Kona Brothers Coffee LLC.

172. Defendant falsely stated under oath on Statement of Financial Affairs, No. 3c, that no payments were made within one

year immediately preceding the Petition Date to creditors who were insiders, when in actuality Defendant had transferred the funds listed above.

173. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed on her "Declaration Under Penalty of Perjury by Individual Debtor", that the information contained in the Statement of Financial Affairs was true and correct.

174. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

## ELEVENTH CAUSE OF ACTION

## DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)

### (False Oath)

175. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

176. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.

177. Defendant stated under oath on Statement of Financial Affairs, No. 10, that no property was transferred either absolutely or as security within two years immediately preceding the Petition Date other than property transferred in the

30

ordinary course of the business or financial affairs of the debtor.

178.    Defendant stated under oath on her Schedule B that her only two business interests were in TNT Hair Design and Desert Aire LLC.  Furthermore, Defendant stated under oath on Statement of Financial Affairs, No. 18, her only two businesses in the six years before the Petition Date were TNT Hair Design and Desert Aire LLC.

179. Plaintiff is informed and believes that the Defendant made the following transfers:

    a.    On November 7, 2007, Defendant transferred $40,000 to Ashurst Land & Cattle LLC;

    b.    On May 13, 2008, Defendant transferred $6,000 to Ashurst Land & Cattle LLC;

    c.    On April 30, 2007, Defendant transferred $100,000 to Pfau Pfau & Pfau LLC;

    d.    On June 14, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC;

    e.    On September 11, 2007, Defendant transferred $100,000 to Pfau Pfau & Pfau LLC;

    f.    On October 17, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC;

    g.    On November 7, 2007, Defendant loaned $100,000 to Pfau Pfau & Pfau LLC;

    h.    On January 11, 2008, Defendant transferred $25,000 to Pfau Pfau & Pfau LLC;

    i.    On September 25, 2008, Defendant transferred $10,000 to Pfau Pfau & Pfau LLC;

31

j.    On May 18, 2007, Defendant transferred $110,000 to her father, Ray Gray;

k.    On August 31, 2007, Defendant transferred $300,000 to Stewart Title for the benefit of her father, Ray Gray;

l.    On August 6, 2007, Defendant transferred $100,000 to First American Title for escrow on the real property described as 700 Atterbury, San Marcos;

m.    On November 7, 2007, Defendant transferred $10,000 to First American Title for escrow on the real property described as 700 Atterbury, San Marcos;

n.    On January 11, 2008, Defendant transferred $11,000 to First American Title for escrow on the real property commonly known as 700 Atterbury, San Marcos;

o.    On October 23, 2008, Defendant transferred $75,000 to Kona Brothers Coffee LLC.

180. Defendant falsely stated under oath on Statement of Financial Affairs, No. 10, that no property was transferred either absolutely or as security within two years immediately preceding the Petition Date outside the ordinary course of business or financial affairs of the debtor, when in actuality Defendant had transferred the property and funds listed above.

181. Alternatively, Defendant falsely stated under oath on her Schedule B and her Statement of Financial Affairs, No. 18, that her only business interests were in TNT Hair Salon and Desert Aire LLC.

182.   Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed on her "Declaration Under Penalty of Perjury by Individual Debtor", that the information contained in the Statement of Financial Affairs was true and correct.

183. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

**TWELFTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

**(False Oath)**

184.   Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

185. On January 25, 2010, Defendant appeared and testified under oath at the continued Chapter 7, 11 U.S.C. §341(a) meeting of creditors ("January Ch. 7 341 Meeting").

186.   At the January Ch. 7 341 Meeting, Defendant provided to trustee Stadtmueller a "341(a) Meeting of Creditors Questionnaire" ("341 Questionnaire"), which she completed, and in which Defendant declares under the penalty of perjury that the statements contained in the 341 Questionnaire are true and correct.

187.   In response to question number one of the 341 Questionnaire, Defendant responded "yes" to the question: "I am represented by counsel and have reviewed my Petition, Schedules and Statement of Financial Affairs and they were explained to me by that counsel before I signed them?"

188.   In response to question number eight of the 341 Questionnaire, Defendant responded "Yes" to the question:

33

"Within four years of the filing of your bankruptcy have you made any payments, or transferred any property to any person or entity other than for regular monthly contract payments?".

189.  At the January Ch. 7 341 Meeting, Defendant testified as follows:

       a.   Defendant understood that her testimony was under penalty of perjury.

       b.   In regards, to 341 Questionnaire, question 8, Defendant testified there was a collection action transferred that was previously listed on Schedule B, line 18.  This is the only transfer Defendant could recall that was responsive.

190. Plaintiff is informed and believes that the Defendant made the following transfers:

       a.   On or about April 6, 2009, transfer to De Luz Real Estate Inc.;

       b.   On or about July 2009, transfer to Kona Brothers Coffee LLC;

       c.   On or about July 2009, transfer of two (2) pieces of real property to Panoche Valley LLC;

       d.   On or about November 7, 2007, transfer of $40,000 to Ashurst Land & Cattle LLC;

       e.   On or about May 13, 2008, transfer of $6,000 to Ashurst Land & Cattle LLC;

       f.   On or about September 13, 2005, transfer of $705,107.75 to an escrow company for the benefit of Pfau Pfau & Pfau LLC;

       g.   On or about April 10, 2006, transfer of $50,000

34

to Pfau Pfau & Pfau LLC;

h.   On or about May 1, 2006, transfer of $250,000 to Pfau Pfau & Pfau LLC;

i.   On or about May 25, 2006, transfer of $200,000 to Pfau Pfau & Pfau LLC;

j.   On or about April 30, 2007, transfer of $100,000 to Pfau Pfau & Pfau LLC;

k.   On or about June 14, 2007, loan of $100,000 to Pfau Pfau & Pfau LLC;

l.   On or about September 11, 2007, transfer of $100,000 to Pfau Pfau & Pfau LLC;

m.   On or about October 17, 2007, loan of $100,000 to Pfau Pfau & Pfau LLC;

n.   On or about November 7, 2007, loan of $100,000 to Pfau Pfau & Pfau LLC;

o.   On or about January 11, 2008, transfer of $25,000 to Pfau Pfau & Pfau LLC;

p.   On or about September 25, 2008, transfer of $10,000 to Pfau Pfau & Pfau LLC;

q.   On or about September 13, 2005, transfer of $294,892.25 to Defendant's father, Ray Gray;

r.   On or about December 22, 2005, transfer of $275,000 to Defendant's father, Ray Gray;

s.   On or about January 26, 2006, transfer of $200,000 to Defendant's father, Ray Gray;

t.   On or about May 17, 2006, transfer of $100,000 to Express Escrow Co. for the benefit of Defendant's father, Ray Gray;

35

u.  On or about May 17, 2006, transfer of $200,000 to Defendant's father, Ray Gray;

v.  On or about June 8, 2006, transfer of $100,000 to Defendant's father, Ray Gray;

w.  On or about May 1, 2007, loan of $100,000 to Defendant's father, Ray Gray;

x.  On or about May 18, 2007, transfer of $110,000 to Defendant's father, Ray Gray;

y.  On or about August 31, 2007, transfer of $300,000 to Stewart Title for the benefit of Defendant's father, Ray Gray;

z.  On or about August 6, 2007, transfer of $100,000 to First American Title for escrow on the property known as "700 Atterbury, San Marcos";

aa.  On or about November 7, 2007, transfer of $10,000 to First American Title for escrow on the property known as "700 Atterbury, San Marcos";

bb.  On or about January 11, 2008, transfer of $11,000 to First American Title for escrow on the property known as "700 Atterbury, San Marcos";

cc.  On or about October 23, 2008, transfer of $75,000 to Kona Brothers Coffee LLC;

dd.  On or about December 2008, transfer of a piece of real property to the Harmon Trust, recorded with the Riverside County recorder as Doc. 2008-0646196.

191. Defendant falsely stated under oath in her response to question number 8 on the 341 Questionnaire and her testimony at

36

her creditor meeting that the only responsive transfer was a collection action previously listed on Schedule B, line 18.

192.  Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her 341 Questionnaire and in knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

193. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

**THIRTEEN CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

**(False Oath)**

194.  Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

195. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct.  The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

196. Plaintiff is informed and believes that on or about June 24, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau LLC.

197. Plaintiff is informed and believes that on or about

37

October 17, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau LLC.

198. Plaintiff is informed and believes that on or about November 7, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau LLC.

199. Plaintiff is informed and believes that on or about May 1, 2007, the Debtor loaned $100,000 to her father, Ray Gray.

200. The Debtor did not list these loans or accounts receivable on her Schedule B or any amendments thereto.

201. Plaintiff is informed and believes that Defendant falsely stated under oath that she had listed all of her assets on her schedule B.

202. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and knowingly and fraudulently testified under oath on her bankruptcy papers and at her creditor meeting, that the information contained therein was true and correct.

203. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

**FOURTEENTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

**(False Oath)**

204. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

205. The Debtor testified at her meeting of creditors that her bankruptcy papers were true and correct.

206. Plaintiff is informed and believes that in December 2008, Defendant deeded a piece of real property to the Harmon

38

Trust, recorded with the Riverside County recorder as document number 2008-0646196 (the "Riverside County Property").

207.    The Debtor did not list the Riverside County Property on her Schedule B, Statement of Financial Affairs, or any amendments thereto.

208.    Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

209.    Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

210. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

**FIFTEENTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

**(False Oath)**

211.    Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

212. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct.  The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of

Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

213. Plaintiff is informed and believes that on or about April 6, 2009, Defendant transferred certain real property identified by document #2009-0166699 with the Riverside County Recorder's Office to De Luz Real Estate Inc.

214. The Debtor did not list this property on her Schedule B, Statement of Financial Affairs or any amendments thereto.

215. Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

216. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

217. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

## SIXTEENTH CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)

### (False Oath)

218. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

219. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in

40

Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

220. The United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #659-220-005.

221. The United States Trustee is informed and believes that on or about July 16, 2009, Defendant deeded a piece of real property (APN: 659-220-005) to Panoche Valley LLC, recorded with the Riverside County recorder as Doc. 2009-0367946.

222. The United States Trustee is informed and believes that on October 28, 2008, Defendant owned a piece of real property identified as APN #326-193-024.

223. The United States Trustee is informed and believes that on or about July 16, 2009, Defendant deeded a piece of real property (APN: 326-193-024) to Panoche Valley LLC, recorded with the Riverside County recorder as Doc. 2009-0367947.

224. The Debtor did not list these property on her Schedule B, her Statement of Financial Affairs or any amendments thereto.

225. 2Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

41

226. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

227. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

**SEVENTEENTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

**(False Oath)**

228. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

229. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

230. Plaintiff is informed and believes that on or about October 28, 2008, Defendant owned a piece of real property identified as document number 811-030-018.

231. The United States Trustee is further informed and believes that in February 2009, Defendant transferred a piece of real property (APN #811-030-018) to Kona Brothers Coffee LLC.

42

232.    The Debtor did not list this real property on her Schedule B, Statement of Financial Affairs or any amendments thereto.

233.    The Debtor did not list this property as any type of transfer on the Debtor's Statement of Financial Affairs or any amendments thereto.

234.    Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

235.    Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

236. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

### EIGHTEENTH CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)

### (False Oath)

237.    Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

238. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under

43

penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

239. The Defendant admitted that she cosigned for a loan from Bank of the West for Ashurst Land & Cattle [LLC] and that cattle were purchased with that loan as an investment.

240. The Defendant testified that she believes the cattle still exist and the cattle may be on the Defendant's property.

241. Defendant testified she had no relationship with Ashurst Land & Cattle.

242. The Debtor did not list the cattle or the investment therein on her Schedule B or any amendments thereto.

243. The Debtor did not list the transfers to Ashurst Land & Cattle on her Statement of Financial Affairs or any amendments thereto.

244. Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

245. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

246. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

//

44

## NINETEENTH CAUSE OF ACTION

## DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)

### (False Oath)

247. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

248. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

249. As of the filing date of her petition, the Defendant owned a checking account for TNT Hair Design at Union Bank of California.

250. As of the filing date of her petition, the Defendant owned a bank account ending in 7541 at Union Bank of California.

251. As of the filing date of her petition, the Defendant owned a bank account ending in 8641 at Temecula Valley Bank.

252. As of the filing date of her petition, the Defendant owned a bank account ending in 2376 at Canyon National Bank.

253. As of the filing date of her petition, the Defendant had a certificate of deposit with San Diego County Credit Union in the amount of $25,000.

254. As of the filing date of her petition, the Defendant

45

had an account with AG Edwards ending in 7599.

255. The Debtor did not list these accounts on her Schedule B or any amendments thereto.

256. The Debtor did not list these accounts as closed on her Statement of Financial Affairs, question no. 11, or any amendments thereto.

257. Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

258. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

259. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

                    **TWENTIETH CAUSE OF ACTION**

              **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

                          **(False Oath)**

260. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

261. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under

46

penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

262. As of October 2008, Defendant was a beneficiary of the 1620 Wilt Road Trust, No. 200801461, Dated 02/01/2008.

263. The Debtor did not list her interest in this trust on her Schedule B or any amendments thereto.

264. Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

265. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

266. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

**TWENTY-FIRST CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

**(False Oath)**

267. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

268. The United States Trustee is informed and believes that certain real property in San Marcos, California (A.P.N.: 222-350-27-00) was sold by Defendant in January 2008 for $420,000.

47

269. The United States Trustee is informed and believes that on or about October 16, 2008, Defendant, for no consideration, assigned a Deed of Trust, secured by the real property in San Marcos, California (A.P.N.: 222-350-27-00) ("the San Marcos Deed") to Kona Brothers Coffee LLC.

270. The United States Trustee is informed and believes that the San Marcos Deed secured a loan in the face amount of $284,000.

271. The Debtor did not disclose the transfer of the San Marcos Deed on her Statement of Financial Affairs or any amendments thereto.

272. Defendant falsely stated under oath that she had listed all of her assets on her schedule B and falsely stated under oath that the information on her Statement of Financial Affairs was true and correct.

273. Consequently Defendant, knowingly and fraudulently, and under penalty of perjury, falsely affirmed her Schedules and Statement of Financial Affairs and knowingly and fraudulently testified under oath at her creditor meeting, that the information contained therein was true and correct.

274. Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(4).

### TWENTY SECOND CAUSE OF ACTION

### DENIAL OF DISCHARGE 11 U.S.C. §727(a)(3)

### FAILURE TO KEEP OR PRESERVE BOOKS AND RECORDS

275. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

276. Defendant conducted the following transactions:

48

a. Defendant deposited a total of at least $122,000 (100,000 + 10,000 + 11,000) into an escrow account between August 2007 and January 2008 for a property located at 700 Atterbury Drive, San Marcos;

b. Defendant's Schedule G lists a rental lease for the property located at 2656 Vista de Palomar, Fallbrook;

c. Defendant's Schedule G lists an agreement with Kona Brothers Coffee LLC to collect upon a Note;

d. Plaintiff is informed and believes that Kona Brothers Coffee LLC has the following projects for Debtor:

(1) 112 Acre Harmony Grove Project

(2) 109 Acre Project at 36211 Pala del Norte

(3) 50 Acre De Luz Project

(4) 100 Acre Desert Hot Springs Project;

e. As late as February 2008, Defendant was making mortgage payments for the 1620 Wilt Road property, in Fallbrook, California;

f. Defendant believes the cattle for which she co-signed a loan still exist and may be on the Defendant's property;

g. Defendant's loaned approximately $300,000 to Pfau Pfau & Pfau LLC;

i. Defendant loaned approximately $100,000 to her father, Ray Gray;

49

j.   On her Schedule B, Defendant lists 2 Notes regarding Fallbrook, CA for $2,062,641;

k.   On her Schedule B, Defendant lists other liquidated debts totaling $640,000;

l.   On her Schedule B, Defendant lists a contract receivable of $34,240,306;

m.   Defendant has listed two insurance claims valued at a total of $220,000 for damage to real property on her response to question 8 on her Statement of Financial Affairs.

275.   The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained.

276.   Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(3).

**TWENTY THIRD CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(5)**

**FAILURE TO EXPLAIN LOSS OR DEFICIENCY OF ASSETS**

277.   Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

278.   Defendant conducted the following transactions:

a.   Defendant deposited a total of at least $122,000 (100,000 + 10,000 + 11,000) into an escrow account between August 2007 and January 2008 for a property located at 700 Atterbury Drive, San Marcos;

50

b.   Defendant's Schedule G lists a rental lease for the property located at 2656 Vista de Palomar, Fallbrook;

c.   Defendant's Schedule G lists an agreement with Kona Brothers Coffee LLC to collect upon a Note;

d.   Plaintiff is informed and believes that Kona Brothers Coffee LLC has the following projects for Debtor:

(1)   112 Acre Harmony Grove Project

(2)   109 Acre Project at 36211 Pala del Norte

(3)   50 Acre De Luz Project

(4)   100 Acre Desert Hot Springs Project;

e.   As late as February 2008, Defendant was making mortgage payments for the 1620 Wilt Road property, in Fallbrook, California;

f.   Defendant believes the cattle for which she co-signed a loan still exist and may be on the Defendant's property;

g.   Defendant's loaned approximately $300,000 to Pfau Pfau & Pfau LLC;

i.   Defendant loaned approximately $100,000 to her father, Ray Gray;

j.   On her Schedule B, Defendant lists 2 Notes regarding Fallbrook, CA for $2,062,641;

k.   On her Schedule B, Defendant lists other liquidated debts totaling $640,000;

l.   On her Schedule B, Defendant lists a contract

51

receivable of $34,240,306;

    m.   Defendant has listed two insurance claims valued at a total of $220,000 for damage to real property on her response to question 8 on her Statement of Financial Affairs.

279. Despite the requests of the Chapter 7 Trustee and the U.S. Trustee, Defendant has failed to provide an accounting or a satisfactory explanation of these transactions or the loss of assets resulting therefrom.

280.  Despite the requests of the Chapter 7 Trustee and the U.S. Trustee, Defendant has failed to provide an accounting or a satisfactory explanation of the deficiency of her assets to meet her liabilities due to the foregoing transactions.

281.  Plaintiff therefore objects to the discharge of Defendant pursuant to 11 U.S.C. §727(a)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discharge of the Debtor be denied and that the Plaintiff have such other and further relief as is just.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: November 30, 2010  By: _Jeanne C Wanlass_
Jeanne C. Wanlass,
Trial Attorney for the
Acting United States Trustee

52